## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Kristina Stampe,
an infant, etc.

v.

Shane Robert Noyes

September 7, 1989

Case No. CL89-1194

By JUDGE AUSTIN E. OWEN

On August 10, 1989, this matter was before the Court on Defendant's motion for the ordering of a medical examination pursuant to Rule 4:10 of the Rules of the Supreme Court. Plaintiff, by counsel, objected to the motion on two grounds: (1) that the motion contemplated an examination by a doctor of chiropractic and such a doctor is not a "physician" within the meaning of Rule 4:10; and (2) the particular doctor of chiropractic named in the motion "routinely performs exams for insurance companies" and should not be selected by the court.

There seems to be no case law authority on the question of whether the term "physician" employed in Rule 4:10 is intended to be construed narrowly as limited solely to doctors of medicine and doctors of osteopathic medicine or should receive a broader construction.

Rule 4:10 is within Part Four of the Rules of the Supreme Court of Virginia and clearly constitutes one aspect of permissible discovery. There is no denial by plaintiff of defendant's contention that plaintiff will

seek to prove the extent and nature of the injury allegedly suffered as the result of defendant's alleged negligence through the testimony of a doctor of chiropractic. Construction of Rule 4:10 so narrowly as to prohibit examination by another doctor of chiropractic would unnecessarily conflict with the broad scope intended by Part Four and found in Rule 4:1(b)(1), stating: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ."

Obviously, plaintiff has no personal aversion to doctors of chiropractic as she has chosen treatment by a member of that discipline. Plaintiff has not argued that there is a lack of good cause for such examination and no argument other than a contention for a narrow construction of the meaning of "physician" has been offered in opposition to defendant's motion.

This court finds that under the circumstances of this case, defendant's motion for examination of plaintiff by a doctor of chiropractic should be granted.

Rule 4:10 grants discretion to the court as to whether such a motion should be granted and that discretion would seem to extend to the selection of the particular "physician" to be named in the order. The rule is clear that the "physician" named in the order is one *employed by the moving party*. While counsel generally refer to an examination under Rule 4:10 as an examination by an "independent physician," the rule employs no such language, and the "physician" named clearly does not become a witness for the court.

There is no contention that the doctor of chiropractic requested to be named by defendant is not competent or is not in good standing in the community. On the contrary, he is understood by the court to possess a good reputation for competency in his field and to enjoy good standing in the community. The contention that he "routinely performs exams for insurance companies" does not constitute any significant impediment to his designation under these circumstances.

No other doctor of chiropractic has been suggested by either party. The court will, therefore, upon presentation of a draft of an order consistent herewith, order examination of plaintiff by Dr. Krasnoff.